UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN B. JOHNSON, | Case No. 15-CV-4214 (DWF/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| BRENT C. LINDGREN, Mille Lacs County Sheriff; and COUNTY OF MILLE LACS, a Minnesota Municipal Corporation, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2].

Plaintiff Calvin B. Johnson filed this action raising two claims under 42 U.S.C. § 1983. First, Johnson alleged that defendant Brent C. Lindgren took his watch while he was detained at the Mille Lacs County Jail. Second, Johnson alleged that he was not reimbursed for labor performed while in jail. Johnson did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* Docket No. 2. Upon review of Johnson's IFP application, this Court concluded that Johnson qualified financially for IFP status, but that the complaint failed to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Rather than recommending dismissal of Johnson's complaint, this Court permitted Johnson to file an amended complaint by no later than January 8, 2016, failing which this matter would be recommended for dismissal without prejudice for failure to prosecute. *See* Docket No. 3 (citing Fed. R. Civ. P. 41(b)).

That deadline has now passed, and Johnson has not yet filed an amended complaint. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). In the alternative, this Court recommends that this matter be dismissed without prejudice for failure to state a claim on which relief may be granted, for the reasons provided in this Court's December 10, 2015 order. *See* Docket No. 3 at 2-3.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.  This matter be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or, in the alternative, under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.  Plaintiff Calvin B. Johnson's application to proceed *in forma pauperis* [Docket No. 2] be **DENIED**.

Dated: January 19, 2016

s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.